RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas  75701
TEL:     903/535-2900
FAX:     903/533-8646
CHARLES E. LAUFFER, JR.
State Bar No. 11989400
ATTORNEYS FOR HERITAGE LAND BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MA-BBO FIVE, LP | § | CASE NO. 11-40644 |
| | § | CHAPTER 11 |
| DEBTOR | § | |

**MOTION OF HERITAGE LAND BANK FOR RELIEF FROM AUTOMATIC STAY AGAINST REAL PROPERTY IN COLLIN COUNTY, TEXAS, WAIVER OF THIRTY-DAY HEARING REQUIREMENT AND REQUEST FOR HEARING IN PLANO, TEXAS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Heritage Land Bank ("Creditor") filing this its Motion for Relief From Automatic Stay, Waiver of Thirty-Day Hearing Requirement and Request for Hearing in Plano, Texas pursuant to 11 U.S.C. §362(d) and Local Rule 4001 and as grounds therefore would respectfully show the Court as follows:

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157, §1334 and

11 U.S.C. §362.

2. Creditor makes this Motion pursuant to Bankruptcy Rules 4001, 9013 and 9014, to obtain relief from the automatic stay of 11 U.S.C. §362(a) or, in the alternative, to obtain adequate protection.

3. MA BBO FIVE, LP ("Debtor") filed a voluntary petition in bankruptcy on February 28, 2011 under Chapter 11 of the United States Bankruptcy Code.

4. Debtor is the owner of certain property (hereinafter referred to as the "Property"). The Property is more specifically described on what is attached hereto as Exhibit "A."

5. Creditor is a secured creditor and party-in-interest in this case, possessing secured claims against Debtor as of the date the petition was filed in the total amount of $11,515,828.89, including principal, accrued and unpaid interest and other charges, if appropriate. Interest continues to accrue thereafter at the rate set forth in the Loan Documents described herein, but only to the extent allowed by 11 U.S.C. §506(a).

6. Creditor's claim against Debtor is evidenced by a promissory note dated September 15, 2006 in the original principal amount of $11,071,769.00 (herein referred to as the "**Note**").

7. Debtor's indebtedness to Creditor is secured by the Property as evidenced by the Note and by the deed of trust executed in connection with the Note. All such documents are referred to herein as the "Loan Documents".

8. Creditor's lien or security interest is perfected.

9. The security interest and lien referred to in paragraph 7 was granted and perfected more than ninety (90) days prior to the commencement of this Chapter 11 case.

## FACTUAL BACKGROUND

10.     The Debtor according to its Disclosure Statement is a single purpose entity. The Debtor has no employees, no income and no significant property other than real property located in Collin County, Texas in the extra territorial jurisdiction of the City of McKinney. The property is unimproved real estate comprised of Five tracts totaling 592 acres more or less. This is the property subject to the lien of Creditor. This is a classic example of a Single Asset Real Estate Case.

11.     The Debtor filed this voluntary petition on February 28, 2011. Since the time of filing the petition, the Debtor has remained in possession of the property and continued its operations. These operations according to the Debtor operating reports have been what may best be described as de minimus. According to the Debtor's operating reports filed in this case (The last one being for the month ended May 31, 2011) the Debtor has had $0 cash, $0 receipts, $0 disbursements and $0 cash ending the month. The sum total being that since the bankruptcy case was filed nothing has happened from a business perspective.

12.     Needless to say, Creditor has neither been offered nor received any adequate protection in this case. According to the Debtor's schedules the 592 acres of property, which is the sole asset of the Debtor is subject to the first lien of Creditor, but is also subject to a second lien of Hillcrest Bank and a lien of Parkland Real Estate Partners. Along with these contractual liens, the property is subject to the ad valorem tax claims. The total of lien claims against the property are $44,619,659.00. The value of the property according to the Debtor is $17,100,000. This means there is no equity in the property.

13.     The Debtor has proposed a plan in this case, the creditor believes the plan is not feasible and offers no protections to the Creditor.

14. The indebtedness was incurred for the purpose of purchasing the Property.

**BASIS FOR RELIEF**

15. Based upon the information available, it does not appear that the Property is essential to an effective reorganization of the Debtor.

16. Debtor is unable to make payments of principal and interest to Creditor and is unable to maintain the Property, all resulting in loss and harm to Creditor. The Property is the only asset of the Debtor, making the continued depreciation of same cause loss and harm to Creditor.

17. Debtor has failed to pay ad valorem taxes assessed against the Property. The continued failure to pay the taxes endangers and diminishes Creditor's lien. Creditor is informed and believes and on that basis, alleges that there is now due and owing a considerable amount of ad valorem taxes assessed against the Property, plus interest and penalties, this is based upon the Debtors schedules and the claim filed by the taxing authority.

18. Confirmation is not scheduled to occur until September 6, 2011. Presently, the proposed plan does not adequately protect Creditor's interest in the Property because the current plan is not feasible and is unlikely to be confirmed. The plan is based entirely upon the occurrence of future events, without any basis in past history. It is a matter of the Debtors exuberant optimism alone upon which any return to the Creditor is based. There are no operations and the development, according to the Debtors projection will not create any income before 2013. And the source of income is the dimunition of the creditor's collateral.

19. Debtor is in default under the terms of the Note and the other Loan Documents. Debtor's default, if not cured within the time required by the Note and the Loan Documents and if the automatic stay is terminated with respect to the Property, <u>will</u> result in the acceleration of the

maturity of the Note. The filing of this bankruptcy, by operation of law, also results in the acceleration of the principal amount of the Note.

20. By reason of the foregoing, Creditor's interest in the Property is not adequately protected.

21. Relief should be granted pursuant to the following: 11 U.S.C. §362(d)(1), 11 U.S.C. §362(d)(2), 11 U.S.C. §362(d)(3).

    A. The Debtor is unable to adequately protect the interest of Creditor, as the Debtor is unable to provide for the creditor's interest in the property.
    B. According to the Debtor's schedules, there is no equity in the property, and there does not appear to be a likely reorganization.
    C. This is a single asset real estate case and there has been no tender of non-default rate interest payment, and no proposal of a feasible plan within ninety (90) days.

22. Creditor waives the thirty-day hearing requirement and requests that a hearing be set before this Court in Plano, Texas at the earliest possible time.

23. At any hearing on this Motion, Creditor may call the following persons to testify at the trial of this motion:

    a. Representative of MA-BBO Five, LP;

    b. Charlotte Sellers of Heritage Land Bank;

    c. Mike Overcast of Heritage Land Bank

    d. Charles E. Lauffer, Jr., Attorney for Heritage Land Bank; and

    e. Any witness designated by Debtor and any rebuttal witnesses.

24. At any hearing on this Motion Creditor may offer the exhibits described in the attached list of exhibits. Creditor reserves the right to offer any other exhibits or testimony that is either a) designated by Debtor, or b) necessary and appropriate as rebuttal evidence.

WHEREFORE, PREMISES CONSIDERED, Heritage Land Bank moves this Court as follows:

1. For an order granting Creditor relief from the automatic stay of 11 U.S.C. §362(a) and permitting Creditor to proceed with the foreclosure of its lien or, in the alternative, for an order providing adequate protection of Creditor's interest in the Property; and

2. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646

/s/ Charles E. Lauffer, Jr.
BY:_____
CHARLES E. LAUFFER, JR.
STATE BAR NO. 11989400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed by United States mail, postage prepaid, to the parties on the attached service list on this the 10th day of August, 2011.

/s/ Charles E. Lauffer, Jr.

CHARLES E. LAUFFER, JR.

F:\Client\Scott's Clients\Heritage\MA-BBO Five, LLP\Bankruptcy\MTLS.motion.frm