RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas  75701
TEL:    903/535-2900
FAX:    903/533-8646
Charles E. Lauffer, Jr.
State Bar No. 11989400
ATTORNEYS FOR HERITAGE LAND BANK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MA-BBO FIVE, LP | § | CASE NO. 11-40644 |
| | § | |
| MA-BB OWEN, LP | § | CASE NO. 11-40645 |
| | § | |
| DEBTORS | § | CHAPTER 11 |

### OBJECTION BY HERITAGE LAND BANK, ACA TO DEBTORS' SECOND AMENDED CHAPTER 11 PLAN FILED JULY 12, 2011

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HERITAGE LAND BANK, ACA ("Creditor") making and filing this its Objection to the Second Amended Plan of Reorganization dated July 12, 2011 (the "Plan") and would respectfully show the Court the following:

1.  The Plan includes infamous modifications as a provision favoring insider/guarantors, including but not limited to the following:

    a)  Section 5.07(c) states that the Debtors' loan with Heritage will not be tolerable or put in default as a result of the financial condition of any guarantor of the Debtors' obligations to Heritage.

    b)  Section 5.07(g) provides that the confirmation of the plan shall be deemed as cured all pre-confirmation defaults under the Debtors' pre-petition date loan documents with Heritage. Such provision would impermissibly insulate the guarantors of the loans from any actions of Heritage as the loan would be deemed to be cured.

2. Section 5.07 of the Chapter 11 Plan provides for the payment of 2.5% interest on a debt to be amortized over forty (40) years. Such rate of interest is inadequate for the term and type of loan. Even if one were to consider the "additional 2.5%" which is to be paid after the maturity of the note, the overall rate of 5.00%, which is actuality is not 5.00% as the interest is not paid or accrued as the note matures, but only after the maturity of the note is that interest paid.

3. The term of the note at 120 months in itself is not commercially unreasonable, however, the amortization over a 40-year term with a balloon at the end of ten (10) years makes the note impermissibly long and excessively risky to the Lender.

4. Pursuant to 5.07(a) of the Plan, Creditor is required to apply all payments received under the Plan directly to the principal balance of the note. However, payments received during the pendency of this case should be applied as is standard banking and accounting practices, first to interest and only after the interest is paid, then to principal. The application of all payments to principal impermissibly reduces the principal balance of the note and thereby likewise reduces the effective rate of interest under the terms of the note below the already unreasonable 2.5%.

5. Under 5.07(a), the Plan appears to require the release of Creditor's collateral for the payment of $12,500.00 per acre. However, $12,500.00 per acre does not represent an appropriate value of the collateral, nor does it correspondingly reduce the debt to maintain adequate collateralization of the loan.

6. The Plan calls for the underpayment of the claim for the first 120 months of the plan and then four balloon payments of the balance of note based on the occurrence of future events. The balloon payment however also includes the diminution of the collateral of Creditor to the point of less than 50%. Under the terms of repayment, the total amount paid at 120 months would be

$4,630,080.00, which even if all of those payments were applied to principal, it would leave a balance of $7,069,920.00. However, by the time the remaining balance is due and owing under the terms of the Plan, only a small percentage of the collateral will remain.

7. The terms of the Chapter 11 Plan require the Creditor to release its lien without payment or will be providing an indubitable equivalent of the collateral.

8. The Plan does not appear to be feasible. All of the Plan is based upon future occurrences of events with no indication of success.

WHEREFORE, PREMISES CONSIDERED, Creditor requests that the Confirmation of the Chapter 11 Plan be denied.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas  75701
TEL:   903/535-2900
FAX:   903/533-8646

BY: /s/ Charles E. Lauffer, Jr.
_____
Charles E. Lauffer, Jr.
STATE BAR NO. 11989400

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served electronically or via 1st class mail, postage prepaid, to:

MA BBO Five, LP
13455 Noel Road
23rd Floor
Dallas, Texas 75240

Joyce Lindauer
8140 Walnut Hill Lane, Ste. 301
Dallas, Texas 75231

US Trustee
110 N. College, Ste. 300
Tyler, Texas 75702

on this the 25th day of August , 2011.

                                                  /s/ Charles E. Lauffer, Jr.
                                                _____
                                                Charles E. Lauffer, Jr.

F:\Client\Scott's Clients\Heritage\MA-BBO Five, LLP\Bankruptcy\Objection to Plan.frm